JOHN M. McCOY III, Cal. Bar No. 166244
E-mail: mccoyj@sec.gov
ALKA N. PATEL, Cal. Bar No. 175505
E-mail: patelal@sec.gov
SPENCER BENDELL, Cal Bar No. 181220
E-mail: bendells@sec.gov
MEGAN M. BERGSTROM, Cal. Bar No. 228289
E-mail: bergstromm@sec.gov

Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  vs.<br><br>EAGLE DEVELOPMENT ENTERPRISES, INC., a Nevada corporation; EAGLE STORAGE & DEVELOPMENT, LLC, an Arizona limited liability company; EAGLE AVIATION SALES & LEASING, LLC, a California limited liability company; MICHAEL J. BOWEN,<br><br>  Defendants,<br><br>EAGLE ASSETS & MANAGEMENT, LLC, a California limited liability company; EAGLE HOUSING & DEVELOPMENT AZ, LLC, an Arizona limited liability company; EAGLE HOUSING & DEVELOPMENT, INC., a California corporation; EAGLE HELICOPTERS & AVIATION, INC., a California Corporation,<br><br>  Relief Defendants. | Case No. SACV09-1470 JVS (MLGX)<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION AS TO DEFENDANTS MICHAEL J. BOWEN, EAGLE DEVELOPMENT ENTERPRISES, INC., EAGLE AVIATION SALES & LEASING, LLC AND RELIEF DEFENDANTS EAGLE ASSETS & MANAGEMENT, LLC, EAGLE HOUSING & DEVELOPMENT AZ, LLC, EAGLE HOUSING & DEVELOPMENT, INC., AND EAGLE HELICOPTERS & AVIATION, INC. AND ORDERS: (1) FREEZING ASSETS; (2) REQUIRING ACCOUNTINGS; AND (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS** |

        The Court, having considered the Commission's Complaint; the <u>Ex</u> <u>Parte</u> Application For A Temporary Restraining Order and Orders: (1) Freezing Assets, (2) Requiring Accountings, (3) Prohibiting The Destruction Of Documents, (4) Granting Expedited Discovery; And Order To Show Cause Re Preliminary Injunction (the "Application"); the supporting Memorandum of Points and Authorities; Declarations and Exhibits; and all other evidence and argument presented regarding the Application; and finding that this Court has jurisdiction over the parties to, and the subject matter of, this action, that the Commission has demonstrated a probability of success on the merits and a possibility of dissipation of assets in this case, and that defendants Michael J. Bowen; Eagle Development Enterprises, Inc. ("Eagle Development"); and Eagle Aviation Sales & Leasing, LLC ("Eagle Aviation") (collectively "Defendants") and relief defendants Eagle Assets & Management, LLC; Eagle Housing & Development AZ, LLC; Eagle Housing & Development, Inc.; and Eagle Helicopters & Aviation, Inc. (collectively "Relief Defendants") consented to this order, without admitting or denying the allegations in the Commission's Complaint, IT IS HEREBY ORDERED, for good cause shown, as follows:

## I.

        IT IS ORDERED that the Commission's request for a preliminary injunction and orders: (1) freezing assets; (2) requiring accountings; and (3) prohibiting the destruction of documents is hereby GRANTED.

## II.

        IT IS FURTHER ORDERED that Defendants Bowen, Eagle Development, Eagle Aviation, and their agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, making use of any means or instruments of transportation or

communication in interstate commerce or of the mails, to sell, to offer to sell, or to offer to buy any security, or carrying or causing securities to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale, in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77(e)(a) and 77(e)(c).

### III.

IT IS FURTHER ORDERED that Defendants Bowen, Eagle Development, Eagle Aviation, and their agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

### IV.

IT IS FURTHER ORDERED that Defendants Bowen, Eagle Development, Eagle Aviation, and their agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or

indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme, or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Bowen, Eagle Development, Eagle Aviation, Relief Defendants, and their agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, including any notes or deeds of trust or other interests in real property, wherever located, of Defendants, Relief Defendants, and their subsidiaries and affiliates, whether owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card or the credit arrangement, of Defendants and Relief Defendants.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants, Relief Defendants, or any trust, partnership, joint venture, person or entity affiliated with them (including subsidiaries), including but not limited to the following accounts:

| Bank | Name on Account | Account no. (last 4 digits) |
|---|---|---|
| Bank of America | Eagle Development Enterprises, Inc. | 3447 |
| Bank of America | Eagle Helicopters & Aviation, Inc. | 8755 |
| Bank of America | Eagle Housing & Development | 8152 |
| Bank of America | Eaglestaff, Inc. | 3344 |
| Bank of America | Eagle Assets & Management, LLC | 8891 |
| Bank of America | Michael J. Bowen | 2823 1565 3493 8890 7775 6475 3176 2228 3497 |
| Bank of America | Via Verde Property Management, Inc. | 0098 |
| JP Morgan Chase/ Washington Mutual | Eagle Assets & Management, LLC | 649-5 |
| JP Morgan Chase/ Washington Mutual | Eagle Development Enterprises, Inc. | 620-5 |

5

| JP Morgan Chase/ Washington Mutual | Eagle Development Enterprises, Inc. | 651-0 |
| --- | --- | --- |
| JP Morgan Chase/ Washington Mutual | Eagle Aviation Sales & Leasing, LLP | 603-1 |
| JP Morgan Chase/Washington Mutual | Michael J. Bowen | 6548 751-8 867-9 |
| Bank of America | TLW Co. | 6056 |

## VII.

IT IS FURTHER ORDERED that Defendants Bowen, Eagle Development, Eagle Aviation, and Relief Defendants shall, within five days, of the date of issuance of this Order, prepare and deliver to the Commission a detailed and complete schedule of their assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, futures and other accounts identified by institution, branch address and account number.  The accountings shall include a description of the source(s) of all such assets.  Such accountings shall be filed with the Court and copies shall be delivered to the Commission's Los Angeles Regional Office.  After completion of the accounting, Defendants and Relief Defendants shall produce to the Commission's Los Angeles Regional Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying the accountings.

## VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Bowen, Eagle Development, Eagle Aviation, Relief Defendants, and their agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly,

1 destroying, mutilating, concealing, transferring, altering, or otherwise disposing of,
2 in any manner, any documents, which includes all books, records, computer
3 programs, computer files, computer printouts, contracts, correspondence,
4 memoranda, brochures, or any other documents of any kind in their possession,
5 custody or control, however created, produced, or stored (manually, mechanically,
6 electronically, or otherwise), pertaining in any manner to Defendants and Relief
7 Defendants.

## IX.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**IT IS SO ORDERED.**

DATED: December 22, 2009

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE