JOHN M. McCOY III, Cal. Bar No. 166244
E-mail: mccoyj@sec.gov
ALKA N. PATEL, Cal. Bar No. 175505
E-mail: patela1@sec.gov
SPENCER BENDELL, Cal Bar No. 181220
E-mail: bendells@sec.gov
MEGAN M. BERGSTROM, Cal. Bar No. 228289
E-mail: bergstromm@sec.gov

Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>EAGLE DEVELOPMENT ENTERPRISES, INC., a Nevada corporation; EAGLE STORAGE & DEVELOPMENT, LLC, an Arizona limited liability company; EAGLE AVIATION SALES & LEASING, LLC, a California limited liability company; MICHAEL J. BOWEN,<br><br>　　　　Defendants,<br><br>EAGLE ASSETS & MANAGEMENT, LLC, a California limited liability company; EAGLE HOUSING & DEVELOPMENT AZ, LLC, an Arizona limited liability company; EAGLE HOUSING & DEVELOPMENT, INC., a California corporation; EAGLE HELICOPTERS & AVIATION, INC., a California Corporation,<br><br>　　　　Relief Defendants. | Case No. SACV09-1470 JVS (MLGX)<br><br>**CONSENT OF DEFENDANTS MICHAEL J. BOWEN, EAGLE DEVELOPMENT ENTERPRISES, INC., AND EAGLE AVIATION SALES & LEASING, LLC AND RELIEF DEFENDANTS EAGLE ASSETS & MANAGEMENT, LLC, EAGLE HOUSING & DEVELOPMENT AZ, LLC, EAGLE HOUSING & DEVELOPMENT, INC., AND EAGLE HELICOPTERS & AVIATION, INC. TO PERMANENT INJUNCTION** |

Defendants Michael J. Bowen, Eagle Development Enterprises, Inc., and Eagle Aviation Sales & Leasing, LLC (collectively "Defendants") and relief defendants Eagle Assets & Management, LLC, Eagle Housing & Development, Inc., Eagle Housing & Development AZ, LLC, and Eagle Helicopters & Aviation, Inc. (collectively "Relief Defendants") acknowledge having been served with the complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendants and Relief Defendants and over the subject matter of this action.

1. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendants and Relief Defendants admit), Defendants and Relief Defendants hereby consent to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things: permanently restrains and enjoins Defendants from violations of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and 77e(c); Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b); and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

2. Defendants and Relief Defendants agree that the Court shall order disgorgement of ill-gotten gains and prejudgment interest thereon. In addition, Defendants agree that the Court shall order Defendants to pay a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendants and Relief Defendants further agree that the amounts of the disgorgement and/or civil penalty shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from the beginning of each offering, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendants and Relief

Defendants further agree that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants and Relief Defendants will be precluded from arguing that Defendants did not violate the federal securities laws as alleged in the Complaint; (b) Defendants and Relief Defendants may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

3. Defendants and Relief Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendants and Relief Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Judgment.

5. Defendants and Relief Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants and Relief Defendants to enter into this Consent.

6. Defendants and Relief Defendants agree that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

7. Defendants and Relief Defendants will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of

1  the Federal Rules of Civil Procedure, and hereby waive any objection based
2  thereon.
3      8.   Defendants and Relief Defendants waive service of the Judgment and agree that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants and Relief Defendants of its terms and conditions. Defendants and Relief Defendants further agree to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants and Relief Defendants have received and read a copy of the Judgment.
4      9.   Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants and Relief Defendants in this civil proceeding. Defendants and Relief Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants and Relief Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants and Relief Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants and Relief Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this

3

1 action.

2   10.   Defendants and Relief Defendants understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendants and Relief Defendants agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendants and Relief Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint. If any of the Defendants or Relief Defendants breach this agreement, the Commission may petition the Court to vacate the Judgment as against some or all of the parties committing said breach and restore this action to its active docket. Nothing in this paragraph affects Defendants' and Relief Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

   11.   Defendants and Relief Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants and Relief Defendants to defend against this action. For these purposes, Defendants and Relief Defendants agree that Defendants and Relief Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

   12.   Defendants and Relief Defendants agree that the Commission may present the Judgment to the Court for signature and entry without further notice.

1  13. Defendants and Relief Defendants agree that this Court shall retain
2 jurisdiction over this matter for the purpose of enforcing the terms of the
3 Judgment, as well as determining disgorgement, prejudgment interest, and civil
4 penalties.

Defendants Michael J. Bowen, Eagle Development Enterprises, Inc., Eagle Aviation Sales & Leasing, LLC and Relief Defendants Eagle Assets & Management, LLC, Eagle Housing & Development, Inc., Eagle Housing & Development AZ, LLC, and Eagle Helicopters & Aviation, Inc.

Dated: December 28, 2009    By: _____
Michael J. Bowen on behalf of himself, Defendants, and Relief Defendants

Approved as to form:

_____
John Cotton
Attorney for Defendants and Relief Defendants

State of California
County of San Bernardino

On 12/28/09, before me, Daniel Villela, Notary Public, personally appeared Michael J. Bowen, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

DANIEL VILLELA
Commission # 1706653
Notary Public - California
San Bernardino County
My Comm. Expires Nov 21, 2010

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X] U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On December 30, 2009, I cause to be served the document entitled **CONSENT OF DEFENDANTS MICHAEL J. BOWEN, EAGLE DEVELOPMENT ENTERPRISES, INC., AND EAGLE AVIATION SALES & LEASING, LLC AND RELIEF DEFENDANTS EAGLE ASSETS & MANAGEMENT, LLC, EAGLE HOUSING & DEVELOPMENT AZ, LLC, EAGLE HOUSING & DEVELOPMENT, INC., AND EAGLE HELICOPTERS & AVIATION, INC. TO PERMANENT INJUNCTION** on all the parties to this action addressed as stated on the attached service list:

[X] **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ] **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ] **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ] **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ] **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[X] **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ] **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

[X] **(Federal)** I declare under penalty of perjury that I am a member of the bar of this Court and that the foregoing is true and correct.

Date: December 30, 2009              /s/ Megan M. Berstrom
                                     Megan M. Bergstrom

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>SEC v. Eagle Development Enterprises, Inc. et al.</u>
United States District Court – Central District of California
Case No. SACV09-1470 JVS(MLGX)
(LA-3741)

<u>SERVICE LIST</u>

John J. Fries **(by e-mail only)**
Ryley Carlock & Applewhite
One N. Central Avenue, Suite 1200
Phoenix, AZ 85004
Email: jfries@rcalaw.com
*Attorney for Chapter 7 Trustee Maureen Gaughan for Eagle Storage & Development*

Michael J. Bowen **(by e-mail and U.S. mail)**
171 S. Anita Drive
Orange, CA 92868
Email: michael@eaglemanagemententerprises.com
*Defendant and Authorized Agent for Defendants and Relief Defendants*