JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>     vs.<br><br>EAGLE DEVELOPMENT ENTERPRISES, INC., a Nevada corporation; EAGLE STORAGE & DEVELOPMENT, LLC, an Arizona limited liability company; EAGLE AVIATION SALES & LEASING, LLC, a California limited liability company; MICHAEL J. BOWEN,<br><br>            Defendants,<br><br>EAGLE ASSETS & MANAGEMENT, LLC, a California limited liability company; EAGLE HOUSING & DEVELOPMENT AZ, LLC, an Arizona limited liability company; EAGLE HOUSING & DEVELOPMENT, INC., a California corporation; EAGLE HELICOPTERS & AVIATION, INC., a California Corporation,<br><br>            Relief Defendants. | Case No. SACV09-1470 JVS(MLGX)<br><br>**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT EAGLE STORAGE & DEVELOPMENT, LLC** |

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint in this matter and Defendant Eagle Storage & Development, LLC ("Eagle Storage") having entered a general appearance; consented to the Court's jurisdiction over Defendant Eagle Storage and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Eagle Storage and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Eagle Storage and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of

1

this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Eagle Storage and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly:

(a)  unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)  unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)  making use of any means or instruments of transportation or

|    |    |
|----|----|
| 1  | communication in interstate commerce or of the mails to offer to sell |
| 2  | or offer to buy through the use or medium of any prospectus or |
| 3  | otherwise any security, unless a registration statement has been filed |
| 4  | with the Commission as to such security, or while the registration |
| 5  | statement is the subject of a refusal order or stop order or (prior to the |
| 6  | effective date of the registration statement) any public proceeding or |
| 7  | examination under Section 8 of the Securities Act, 15 U.S.C. § 77h. |

**IV.**

9  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon
10 motion of the Commission, the Court shall determine whether it is appropriate to
11 order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section
12 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the
13 Exchange Act, 15 U.S.C. § 78u(d)(3), and, if so, the amount(s) of the disgorgement
14 and/or civil penalty.  If disgorgement is ordered, Defendant Eagle Storage shall
15 pay prejudgment interest thereon, calculated from the beginning of each offering,
16 based on the rate of interest used by the Internal Revenue Service for the
17 underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In
18 connection with the Commission's motion for disgorgement and/or civil penalties,
19 and at any hearing held on such a motion: (a) Defendant Eagle Storage will be
20 precluded from arguing that it did not violate the federal securities laws as alleged
21 in the Complaint; (b) Defendant Eagle Storage may not challenge the validity of
22 the Consent or this Judgment; (c) solely for the purposes of such motion, the
23 allegations of the Complaint shall be accepted as and deemed true by the Court;
24 and (d) the Court may determine the issues raised in the motion on the basis of
25 affidavits, declarations, excerpts of sworn deposition or investigative testimony,
26 and documentary evidence, without regard to the standards for summary judgment
27 contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection
28 with the Commission's motion for disgorgement and/or civil penalties, the parties

may take discovery, including discovery from appropriate non-parties.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Eagle Storage shall comply with all of the undertakings and agreements set forth therein.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that except as expressly modified herein, all prior orders of the Court issued in this action, shall remain in full force and effect.

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for all purposes, including enforcing the terms of this Judgment.

Dated: March 08, 2010

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE