**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>vs.<br><br>EAGLE DEVELOPMENT ENTERPRISES, INC., a Nevada corporation; EAGLE STORAGE & DEVELOPMENT, LLC, an Arizona limited liability company; EAGLE AVIATION SALES & LEASING, LLC, a California limited liability company; MICHAEL J. BOWEN,<br><br>  Defendants,<br><br>EAGLE ASSETS & MANAGEMENT, LLC, a California limited liability company; EAGLE HOUSING & DEVELOPMENT AZ, LLC, an Arizona limited liability company; EAGLE HOUSING & DEVELOPMENT, INC., a California corporation; EAGLE HELICOPTERS & AVIATION, INC., a California Corporation,<br><br>  Relief Defendants. | Case No. SACV09-1470 JVS(MLGX)<br><br>**FINAL JUDGMENT AGAINST DEFENDANTS MICHAEL J. BOWEN, EAGLE DEVELOPMENT ENTERPRISES, INC., AND EAGLE AVIATION SALES & LEASING, LLC AND RELIEF DEFENDANTS EAGLE ASSETS & MANAGEMENT, LLC, EAGLE HOUSING & DEVELOPMENT AZ, LLC, EAGLE HOUSING & DEVELOPMENT, INC., AND EAGLE HELICOPTERS & AVIATION, INC.** |

The Securities and Exchange Commission having filed a Complaint and Defendants Michael J. Bowen, Eagle Development Enterprises, Inc. ("Eagle Development"), and Eagle Aviation Sales & Leasing, LLC ("Eagle Aviation") (collectively "Defendants") and relief defendants Eagle Assets & Management, LLC, Eagle Housing & Development, Inc., Eagle Housing & Development AZ, LLC, and Eagle Helicopters & Aviation, Inc. (collectively "Relief Defendants") having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Michael J. Bowen, Eagle Development, Eagle Aviation, and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or

would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Michael J. Bowen, Eagle Development, Eagle Aviation, and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Bowen, Eagle Development, Eagle Aviation, and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in

|     |     |     |
| --- | --- | --- |
| 1   |     | interstate commerce or of the mails to sell such security through the |
| 2   |     | use or medium of any prospectus or otherwise; |
| 3   | (b) | Unless a registration statement is in effect as to a security, carrying or |
| 4   |     | causing to be carried through the mails or in interstate commerce, by |
| 5   |     | any means or instruments of transportation, any such security for the |
| 6   |     | purpose of sale or for delivery after sale; or |
| 7   | (c) | Making use of any means or instruments of transportation or |
| 8   |     | communication in interstate commerce or of the mails to offer to sell |
| 9   |     | or offer to buy through the use or medium of any prospectus or |
| 10  |     | otherwise any security, unless a registration statement has been filed |
| 11  |     | with the Commission as to such security, or while the registration |
| 12  |     | statement is the subject of a refusal order or stop order or (prior to the |
| 13  |     | effective date of the registration statement) any public proceeding or |
| 14  |     | examination under Section 8 of the Securities Act, 15 U.S.C. § 77h. |

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Relief Defendants are liable for disgorgement and prejudgment interest thereon as follows:

1. Defendants Michael J. Bowen, Eagle Development, and Eagle Aviation are jointly and severally liable for disgorgement of $28,150,000, representing profits gained as a resulted of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $76,005, for a total of $28,226,005;

2. Relief Defendant Eagle Assets & Management, LLC is liable for disgorgement of $143,100, representing profits gained as a result of the conduct alleged in the Complaint together with prejudgment interest thereon in the amount of $386.37, for a total of $143,486.37;

3. Relief Defendant Eagle Housing & Development, Inc. is liable for

    disgorgement of $940,500, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,539.35, for a total of $943,039.35;

4. Relief Defendant Eagle Housing & Development AZ, LLC is liable for disgorgement of $329,062, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $888.47, for a total of $329,950.47; and

5. Relief Defendant Eagle Helicopters & Aviation, Inc. is liable for disgorgement of $438,282, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,183.36, for a total of $439,465.36.

Defendants and Relief Defendants shall satisfy this obligation by paying the amounts set forth in paragraph IV above within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying the names of the Defendants and Relief Defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants and Relief Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

**V.**

  The institutions set forth below are directed to forward the full balances in the following accounts within 14 days after entry of this Final Judgment by

1  certified check, bank cashier's check or United States postal money order payable
2  to the Securities and Exchange Commission:
3      1. The balance in account number ending 6510 maintained at JP Morgan
4         Chase in the name of Eagle Development Enterprises, Inc.
5         (approximately $3,476.75);
6      2. The balance in account number ending 6548 maintained at JP Morgan
7         Chase in the name of Michael J. Bowen and Jacqueline C. Bowen
8         (approximately $509.14);
9      3. The balance in account number ending 17147 maintained at Morgan
10        Stanley in the name of Michael J. Bowen Trustee, FBO Keagy Family
11        QTIP Trust (approximately $859.85);
12     4. The balance in account number ending 1147 maintained at Morgan
13        Stanley in the name of Michael J. Bowen ( approximately $3,698.19);
14     5. The balance in account number ending 1247 maintained at Morgan
15        Stanley in the name of Michael J. Bowen (approximately $75);
16     6. The balance in account number ending 210247 maintained at Morgan
17        Stanley in the name of Michael J. Bowen ACF Lucas Ferrendelli
18        (approximately $3,249.76);
19     7. The balance in account number ending 111247 maintained at Morgan
20        Stanley in the name of Michael J. Bowen ACF Jackson Ferrendelli
21        (approximately $2,620.92);
22     8. The balance in account number ending 74063 maintained at Charles
23        Schwab in the name of Michael J. Bowen (approximately $609.88);
24     9. The balance in account number ending 4990 maintained at Universal
25        Bank in the name of Michael J. Bowen or Jacqueline C. Bowen
26        (approximately $31);
27     10. Any balance remaining in Account No. 27323 maintained at Inland
28         Empire Credit Union in the name of Michael J. Bowen and Jacqueline

     C. Bowen; and

    11. Policy No. 2VUL005165 in the name of Michael Bowen maintained at AXA/MONY (net surrender value of approximately $321).

The payments by the institutions set forth above shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.  Defendants shall execute any documents that may be necessary to transfer the funds in any of the accounts identified above to the Commission.  Any payments received from the accounts listed above shall be deemed to partially satisfy the disgorgement obligations of the Defendants set forth in the Consent and Final Judgment.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay civil penalties as follows:

1. Defendant Michael J. Bowen shall pay a civil penalty in the amount of $300,000 under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3);

2. Defendant Eagle Development shall pay a civil penalty in the amount of $725,000 under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3); and

3. Defendant Eagle Aviation shall pay a civil penalty in the amount of $725,000 under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

Defendants shall make the payments set forth above within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management,

1. Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Defendants Michael J. Bowen, Eagle Development, and Eagle Aviation as Defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants and Relief Defendants shall comply with all of the undertakings and agreements set forth therein.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: July 07, 2011

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE